JOSEPH J. HUDSON

v.

MARY A. WESTON.

*"Dram Shop Act"—Sec. 9—Damages—Evidence.*

In an action by a wife, under the "Dram Shop Act," to recover damages for injury to her property and means of support, this court holds that the evidence supports a verdict of $100 for the plaintiff.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Franklin County; the Hon. O. A. HARKER, Judge, presiding.

Messrs. F. M. YOUNGBLOOD and W. H. WILLIAMS, for appellant.

The jury could not assess vindictive damages against the appellant. There was no wilfulness shown by the plaintiff, and only actual damages were recoverable under the evidence. Kadgin v. Miller, 13 Ill. App. 474; Grund v. Van Vleck, 69 Ill. 478; Brantigam v. While, 73 Ill. 561.

Messrs. PAYNE & LAYMAN, for appellee.

The wife is entitled to recover all damages to her property or means of support, and that embraces lands, goods, salaries, wages or other sources of income. Meidel v. Anthis, 71 Ill. 241.

The statutes give an action for three kinds of injury— injury to person, or property, or means of support. Hacket v. Smelsley, 77 Ill. 109.

. The wife has a right of action where the sale injured her in property or means of support. Fentz v. Meadows, 72 Ill. 540.

The statute was designed for a practical end, to give a substantial remedy, and should be allowed to have effect according to its natural and obvious meaning. Exemplary damages can be recovered when actual damages are proven. Freese v. Tripp, 70 Ill. 496; Albrecht v. Walker, 73 Ill. 69; Confrey v. Stark, 73 Ill. 187; Brantigam v. While, 73 Ill. 561; Brannon v. Silvernail, 81 Ill. 434; Cobb v. People, 84 Ill. 511; Lowry v. Coster, 91 Ill. 182.

GREEN, J. This suit was brought by appellee to recover damages for injury to her property and means of support, under the 9th section of the "Dram Shop Act," and the only point made by appellant seriously insisted on, and necessary to examine, is, that the damages allowed and for which the judgment was rendered, are excessive.

The judgment complained of was for $100, and the evidence is sufficient to support the verdict; the property of plaintiff damaged and destroyed by her husband by reason of his intoxication, the means of support withdrawn from her used in the purchase of liquor at defendant's saloon, by her husband, varying in sums from 50 cents to $3 a week, for a period of about thirty-two weeks, whereby, among other things, she was not furnished with sufficient clothing, and was obliged to furnish with her own labor, clothing for her child; the loss of time by her husband while intoxicated, and consequent loss of earnings, which should have been used for her support, all taken into consideration, would have justified a verdict for a much larger amount of damages than the jury awarded.

The judgment of the Circuit Court is affirmed.

*Affirmed.*